Read, J.
In both civil and criminal cases, the court may, in -their discretion, during the progress of a trial, permit the jury to •disperse for the purpose of obtaining food and rest, and may in *404 either ease direct them to bring in a sealed verdict; but in no case can the jury after they have retired to consider of their verdict, be permitted to separate and disperse until they have agreed. In criminal cases, although the court direct the jury to bring in a. sealed verdict, the whole jury must be present at the time of its delivery, in the presence of the prisoner, that they may be polled, if the prisoner desires it. A single judge may; also, in the presence-of the prisoner, receive the verdict. After the verdict has been received and the jury discharged, whether it may have been received by a single judge or in open court, the control of the jury and of the court over such verdict is at an end. The court cannot alter it, nor can the jury be recalled to alter or amend it. As-well might any other twelve men be called to alter it, as the men who were jurors. The office of a juror is discharged upon the-acceptance of his verdict by the court.
In Oliver’s work upon the rights of American citizens, 284, it is said, “after the trial is over and the verdict is once recorded,. ’■'■there seems to be no remedy, even though the jury have made a mistake in their finding, and make an affidavit to that effect. For all mistakes ought to be corrected at the time of trial, and before the verdict is recorded. Courts will not listen to the representations of jurors, contrary to their verdict.”
In the case of the United States v. William Keen, 1 McLean, 429, the indictment contained five counts. The jury found the-defendant guilty upon the last four, but did not pass upon the first. The court held that the verdict could not be amended so far as to-enter not guilty upon the first count, nor amended at all. Judgment, however, was rendered against the prisoner upon the counts-on which he was found guilty, the prosecutor being permitted to enter a nolle prosequi upon the first count. The court held that this could be done without subjecting the prisoner to a second trial upon that count, as the conviction upon the other counts could be plead in bar. Although in modern times the ancient strictness-has yielded to & more enlightened reason, yet no rule tending to insure the impartial administration of justice and the purity of jurors has in the slightest degree been abandoned or impaired. In case of persons charged with high misdemeanors, or when excitement prevails, or when there is any just reason to suspect that improper influences may be brought to bear upon the jury, the court are at liberty, and, in the last-named instance, it would be *405 their duty, not to permit the jury to separate at any time during the trial, up to the time of rendering their verdict, but to direct the sheriff to furnish them proper comforts and keep them in close custody. These matters are wholly committed to the sound discretion of the court, but in no case can it be permitted to recall a jury to alter or amend their verdict after it has been received and the jury discharged. This would jeopardize the jealous guards with which the law has surrounded jurors, to insure the pure administration of. justice, and to protect the citizen.
Judgment reversed.