MEYER, *State Auditor*, v. CLIFT.

No. 3295.    Opinion Filed March 12, 1912.

Rehearing Denied May 28, 1912.

(123 Pac. 1042.)

COURTS—Stenographers—Compensation.    Section 23, c. 69, Sess. Laws 1910, providing that stenographers for the district court and for the superior court shall receive an annual salary of $1,200, the salary of stenographer of the district court to be paid out of the state treasury in the same manner as salaries of district judges, does not constitute an appropriation for the payment of salaries of stenographers for the district court; and by reason of section 2527, Comp. Laws 1909, it is unlawful for the State Auditor to issue a warrant for the salary of a stenographer of the district court for the months of July, August, September, and October, 1911, since there is no appropriation by law for the payment of such salary.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*Edward Dewes Oldfield, Judge.*

Petition of Thomas R. Clift for writ of mandamus against Leo Meyer, Auditor of the State of Oklahoma.    Judgment for petitioner, and defendant brings error.    Reversed and remanded.

*Charles West,* Atty. Gen., and *W. C. Reeves,* Asst. Atty. Gen., for plaintiff in error.

*Thomas R. Clift, in pro. per.*

HAYES, J.   This action was begun in the court below by defendant in error filing therein his petition for writ of mandamus.   The trial was upon an agreed statement of facts.   The material facts are that defendant in error was, at the date of the filing of his petition, to wit, on the 9th day of November, 1911, and had been continually since the 1st day of the preceding July, the duly appointed, qualified, and acting stenographer of the district court of the Thirteenth judicial district; and that he had performed the duties of that office under and by virtue of his appointment during the preceding months of July, August, September, and October.   It is agreed that for the service rendered by him during said months the state is indebted to him in the sum of $400 as salary; and that the same is wholly due and unpaid.   Prior to the institution of this suit, defendant in error presented his claim to plaintiff in error, who is the duly elected, qualified, and acting state auditor, and requested that his claim for salary be examined, allowed, and a warrant issued therefor upon the state treasurer, which plaintiff in error refused to do. The trial court rendered judgment, awarding to defendant in error the peremptory writ, commanding the auditor to issue the warrant, as prayed for in his petition.   It is to reverse that judgment that this proceeding in error is prosecuted.

Plaintiff in error, hereinafter referred to as the auditor, defends his action in refusing to issue the warrant upon the ground that there is and has been no appropriation by law for the payment of such warrant; and it is conceded that no appropriation has been made therefor, unless the same is effected by section 23, c. 69, Sess. Laws 1910.   By section 8616, Comp. Laws 1909, it is made the duty of the auditor to examine and adjust all claims against the state which are directed by law to be paid out of the state treasury, and to issue warrants, payable at the state treasury, for such sum as he shall find to be due upon any claim.   But by section 2527, *Id.*, it is made unlawful for the auditor, or any other state officer, to issue or cause to be issued any state warrant, order, or other evidence of public debt in excess of an appropriation duly made, or when no appropriation

has been made for. the fund upon which the same is drawn. Section 23, c. 69, Sess. Laws 1910, ·relied upon by defendant in error as constituting a legislative appropriation, reads in part as follows:

"Stenographers for the district court and for the superior court shall receive an annual salary of $1,200.00; the salary of the stenographers for the district court to be paid out of the state treasury in the same manner as the salaries of the district judge; and that of the stenographer of the superior court shall be paid monthly out of the county treasury by order of the board of county commissioners."

The remaining portion of the foregoing section is not material to the question here under consideration. The statutory provision creating the position of stenographer to the district court and authorizing his appointment is to be found in section 1936, Comp. Laws 1909, which reads in part as follows:

"The judge of the district court in each judicial district shall appoint, whenever in his judgment it will expedite public business and tend to the more economical administration of justice, a shorthand reporter, who shall be skilled in the art of stenography, and competent to perform the duties required of him. * * .*"

Section 55, art. 5, Constitution, prohibits the payment of any money out of the treasury of the state, except in pursuance of an appropriation by law, and prescribes certain requisites that must be contained in every act attempting to make an appropriation. That section reads as follows:

"No money shall ever be paid out of the treasury of this state, nor any of its funds, nor any of the funds under its management, except in pursuance of an appropriation by law, nor unless such payments be made within two and one-half years after the passage of such appropriation act, and every .such law making a new appropriation, or continuing or reviving an appropriation, shall distinctly specify the sum appropriated and the object to which it is to be applied, and it shall not be sufficient for such law to refer to any other law to fix such sum."

Tested by the requirements of this constitutional provision, we think the act relied upon as constituting an appropriation for salary of court stenographers fails to make any appropria-

tion therefor; and that this question is practically foreclosed by the decision and opinion of this court in *Menefee v. Askew,* 25 Okla. 623, 107 Pac. 159, 27 L. R. A. (N. S.) 537. The foregoing constitutional provision requires that every appropriation act shall, first, distinctly specify the sum appropriated; secondly, the object to which it is to be applied; and, thirdly, prohibits the fixing of the sum appropriated by reference to any other law. By reason ·of these requirements, we must be able to ascertain from any act by which an appropriation is attempted to be made the amount it authorizes to be paid out of the treasury for the purposes designated in the act. In *Menefce v. Askew, supra,* the question presented was whether certain provisions of the act creating the office of state game and fish warden constituted an appropriation for the payment of his salary and expenses and the salary and expenses of certain deputies authorized by the act, and whether it constituted an appropriation for the payment of actual and necessary office expenses incurred by the warden, including the salary of a stenographer. The language of the act relied upon in that case as constituting an appropriation was in part as follows:

"The state game and fish warden shall receive an annual salary of $1,800 and his actual and necessary traveling expenses, not to exceed, however, the sum of $800 per year, to be paid monthly upon his filing his itemized statement of such expense duly sworn to, such salary to be paid out of the game protection fund. He shall also be reimbursed for his actual and necessary office expenses, including expenses of catching and taking game for propagation purposes, to be paid monthly and in the same manner as his salary and traveling expenses." (Laws 1909, c. 19, art. 6, sec. 3.)

Other sections of the act provide for not exceeding eight deputy game wardens, and fix their salaries at $800 per year, and allow them their actual necessary expenses, not to exceed the sum of $600 per annum each per year. The act provided but for one state game warden, and fixed the number of deputies that he might employ. It fixed the salaries of the warden and each of his deputies, and the maximum amount each might expend as expenses during any year. It was held, as to these

items, that the act constituted a valid appropriation, for, by looking to the act itself, the total amount authorized to be paid out of the treasury, the fund out of which it was to be paid, and the purposes for which it was to be paid could be determined; but as to that portion of the statute providing that the warden should be reimbursed for his actual and necessary office expenses, including the expenses of catching and taking game for propagation purposes, it was held that the act did not constitute an appropriation therefor, so as to authorize the payment of the salary of a stenographer necessarily employed by the warden, because the act did not specifically fix the amount of the appropriation for general office expense.

Section 23 of the act of 1910, *supra*, fails to specify distinctly any sum appropriated. If we assume that it was intended thereby to effect an appropriation, it cannot be ascertained from the act alone what sum of money it authorizes to be paid out to the various stenographers of the district court. It fixes the salary per year each shall be paid; but it does not provide the number that may be appointed, nor the time for which they may be employed. It does not undertake to fix said sum by reference to any other statute that determines the number of stenographers in the state, or that may be in the state, whereby the total amount appropriated for the payment of their salaries may be obtained; and, if the act had undertaken to do so by such reference to other statutes, it would have been in violation of said section 55, art. 5, of the Constitution. It has been urged that the amount necessary is a question of fact only, which may be determined independent of the act. In this we cannot concur. If the Constitution prohibits the Legislature from fixing the amount the act appropriates by reference to any other law, the court cannot do indirectly what the Legislature is prohibited from doing directly, to wit, refer to another law to ascertain and fix the sum appropriated. The state treasurer would be unable, looking to section 23, *supra*, alone, to determine when the fund thereby appropriated, if any, had been exhausted; and the state auditor would likewise be unable to know when there

was an available balance in the appropriation for the payment of any warrant he might issue, and whether in issuing any warrant he was not violating the statute, because issued in excess of the appropriation. The sum that the Legislature may appropriate by any act must be a fixed sum. It is not a sum varying and shifting from day to day as the emergency of the purposes designated in the act may require. Had the act in question provided for a specific number of stenographers, so that the maximum amount appropriated to be paid out as salaries to them might be ascertained from the act, the same then would fall within that portion of the decision in *Menefee v. Askcw, supra,* holding that the act therein involved constituted an appropriation for the payment of the salary of the warden, and of his deputies, and of their traveling expenses. On the other hand, this case is analogous to that portion of the Askew case involving the salary of the stenographer.

The facts of this case do not bring it within the rule of the class of cases holding that, where an office is created and its salary fixed by a constitutional provision, no appropriation by legislative act is necessary to authorize the payment of the salary, to which belong the following: *Thomas v. Owens,* 4 Md. 189; *State ex rel. v. Hickman,* 9 Mont. 370, 23 Pac. 740, 8 L. R. A. 403; *State ex rel. v. Weston,* 4 Neb. 216. The Constitution contains no provision creating the position of court stenographer. Such office exists and its salary is fixed by virtue of a legislative act.

It is also contended, however, that because of section 10, art. 23, of the Constitution, which provides that in no case, except as is otherwise provided by the Constitution, shall the salary or emoluments of any public official be changed during his term of office, unless by operation of law, enacted prior to his election or appointment, an act of the Legislature, creating an office and fixing the salary, is alone sufficient to authorize the payment of such salary out of the treasury; and that a specific legislative appropriation therefor is not required, for the reason that, notwithstanding the Constitution prohibits the Legislature from in-

creasing or diminishing an officer's salary during his term of office, the Legislature, by refusing to make an appropriation therefor, could entirely deprive him of his salary. This contention finds support in *State ex rel. Henderson v. Burdick*, 4 Wyo. 272, 33 Pac. 125, 24 L. R. A. 266. But whatever cogency there may be in this reasoning as applied to an officer for whom a salary and fixed term of office has been provided by a statute, we think it can have no application to that of a court stenographer, who has no fixed term of office.

Section 10, art. 23, of the Constitution, does not prohibit a change in the salary or emoluments of office during the incumbency of an officer who holds during the pleasure of the appointive power, and not for any definite term fixed by law. *Board of County Commissioners of Muskogee County v. Hart*, 29 Okla. 693, 119 Pac. 132.

As supporting the conclusion we have reached, it may be further suggested that section 55, art. 5, of the Constitution, *supra*, prohibits the payment of any money out of the treasury of the state, except in pursuance of an appropriation by law.

Section 56 of the same article provides:

"The general appropriation bill shall embrace nothing but appropriations for the expenses of the executive, legislative and judicial departments of the state, and for interest on the public debt. The salary of no officer or employee of the state, or any subdivision thereof, shall be increased in such bill, nor shall any appropriation be made therein for any such officer or employee, unless his employment and the amount of his salary, shall have been already provided for by law. All other appropriations shall be made by separate bills, each embracing but one subject."

If an act creating an office and fixing the salary thereof constitutes an appropriation by law, what need is there for that portion of the constitutional provision which prohibits the making of any appropriation in a general appropriation bill for any officer whose employment has not been provided and the amount of salary fixed by law prior to the enactment of any such general appropriation bill? If an office has not been established and the salary fixed by an act of the Legislature before the

passage of any general appropriation bill, no appropriation to pay the salaries of such office can be made by a general appropriation bill; but it is a fair implication from the provision, if such office is established and the salary fixed by the statute, then an appropriation for the salary 'may be made in a general appropriation bill. This provision would be meaningless, if the mere establishment of an office and fixing the salary constituted a continuing authority for the payment of the salary out of the treasury of the state; for, in that event, there would be no need of any appropriation for such salaries, either by general bill or a separate appropriation bill.

Prior to the enactment of section 23 of the act of 1910, *supra,* court stenographers received, by reason of sections 1937 and 1938, Comp. Laws 1909, certain fees for their services, paid in part by the parties to the suit and in part out of the county treasury. The effect of the foregoing act was to repeal the statutory provisions then existing as to by whom and the manner of payment of the salaries of stenographers for the district courts, and to substitute therefor, in lieu of the fee of $5 per day for each actual day's attendance upon the court and certain other fees allowed by the statute theretofore existing, an annual salary of $1,200, to be paid out of the state treasury, instead of out of the county treasury as theretofore provided.

By act approved February 8, 1911 (chapter 16, Sess. Laws 1910-11), the Legislature appropriated $32,500 for the payment of salaries of the district court stenographers for the period beginning June 19, 1910 (the date the act of which section 23, *supra,* forms a part became effective), and ending June 30, 1911, thereby construing the act fixing the stenographers' salaries as not constituting an appropriation for the payment of said salaries. An expression of a legislative view as to the proper construction of a statute is of no judicial force and not binding upon the courts, whose duty it is to construe the statutes; but it is nevertheless entitled to some weight in the construction of a doubtful statute. *Betts v. Commissioners of the Land Office,* 27 Okla. 64, 110 Pac. 766; *Higgins v. Brown, Judge, et al.,* 20

Okla. 355, 94 Pac. 703; *Territory v. Long Bell Lumber Co.,* 22 Okla. 890, 99 Pac. 911.

For the foregoing reasons, we are of the opinion that the act relied upon does not make an appropriation for the payment of the salaries of stenographers for the district court, and the writ of mandamus in the instant case should have been denied.

It follows that the judgment of the trial court should be reversed, and the cause remanded.

All the Justices concur.