STATE'S COMMUNICATIONS SYSTEM — STUDY
The expenditure of monies from funds appropriated by the Legislature to certain agencies sharing in the cost of a contract for study of the State's communications system does not constitute a contravention of Article X, Section19, of the Oklahoma Constitution. The Attorney General has considered your request for an opinion concerning a contract for a study of the State's communications system. You asked the following question: "In the absence of a legislative appropriation for said study, does the expenditure of monies from funds appropriated by the Legislature to the agencies sharing in the cost of said study constitute a contravention of Article X, Section 19, Oklahoma Constitution, construed by the courts as prohibiting money appropriated for one purpose from being diverted to other purposes, or any other provision or provisions of said Constitution ?" You state further in your letter: "The contract involved is 'for a study of the State's communication systems and for a more efficient and effective State communications system.' No specific legislative authorization was provided for said study, nor were funds appropriated for such purpose. Apparently through informal inter-agency agreements the decision was made that the State Board of Public Affairs would bill five agencies for a proportionate share of the cost of said study as a part of the respective agencies' centrex telephone bill. In most instances agency funds for the payment of centrex telephone costs are provided through funds appropriated by the Legislature." Article X, Section 19 of the Oklahoma Constitution, cited in your letter, states: "Every act enacted by the Legislature, and every ordinance and resolution passed by any county, city, town, or municipal board or local legislative body, levying a tax shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose." Article V, Section 55 of the Oklahoma Constitution states: "No money shall ever be paid out of the treasury of this State, nor any of its funds, nor any of the funds under its management, except in pursuance of an appropriation by law, nor unless such payments be made within two and one-half years after the passage of such appropriation act, and every such law making a new appropriation, or continuing or reviving an appropriation, shall distinctly specify the sum appropriated and the object to which its to be applied, and it shall not be sufficient for such law to refer to any other law to fix such sum." There are cases in Oklahoma construing these two constitutional provisions. In Menefee v. Askew,25 Okl. 623, 107 P. 159 (1910), the Oklahoma Court stated in Syllabus 1: "An 'appropriation' in this State is an authority of the Legislature, given at the proper time and in legal form to the proper officers, to apply a distinctly specified sum, from a designated fund out of the treasury in a given year, for a specified object or demand against the State." In State v. Carter,167 Okl. 32, 27 P.2d 617 (1934), the Court held in Syllabus 1: "No money shall ever be paid out of the treasury of this State, or any of its funds, or any of the funds under its management, except in pursuance of an appropriation by law." The Court held in Syllabus 2: "The State Auditor is not authorized to issue a warrant and the State Treasurer is not authorized to pay a warrant against the State, or any of its funds, or any of the funds under its management, until an appropriation by law has been made for the purpose for which the claim is made or warrant issued." In Meyer v. Clift, 31 Okl. 793,123 P. 1042 (1912), the Oklahoma Court stated on page 1043: "Article V, Section 55, Oklahoma Constitution, prohibits the payment of any money out of the treasury of the State, except in pursuance of an appropriation by law, and prescribed certain requisites that must be contained in every act attempting to make an appropriation." In Shaw v. Grumbine, 137 Okl. 95, 278 P. 311 (1929), the Court held in Syllabus 10: "A valid appropriation under the provisions of our Constitution must distinctly specify the sum and the object to which it is to be applied." In Ward v. State, 176 Okl. 368, 56 P.2d 136 (1936), the Oklahoma Court stated on page 137: "An examination of these cases reveals that the decisions there stand for the proposition that a resolution is not a law within the meaning of Article V, Section 55, of the Constitution, prohibiting the payment of money out of the State treasury pursuant to an appropriation by law. They stand for the further proposition that money appropriated for one purpose may not be diverted for other purposes, Section 19, Article X, Constitution; . . ." The above cited authorities, in effect, state that no State money shall be spent unless there is an appropriation of that money; that the appropriation has to specify the amount of money, and the purpose for which the money is spent; and that money appropriated for one purpose cannot be spent for another purpose. To answer your question, it would be necessary to determine what the five agencies were appropriated, and what uses and restrictions were specified in the appropriations as far as using the monies appropriated. Taking the agencies in the following order, certain amounts given to each agency will be listed in the right-hand column, and language from the appropriations to each agency will be set out. Board of Public Affairs There is hereby appropriated to the State Board of Public Affairs . . . to carry out the various activities of the State Board of Public Affairs, as prescribed by law and indicated in the following schedule: Administration $ 72,056.00 General Office 64,354.00 Office of Civil Defense There is hereby appropriated to the Office of Civil Defense . . . the following amount or so much thereof as may be necessary to carry out the duties imposed upon the Office of Civil Defense by law: Operating Expenses $ 21,804.00 Military Department There is hereby appropriated to the Office of the Oklahoma Military Department, the sum of $761,778.00, or so much thereof as may be necessary to perform the duties imposed upon the Office of the Military Department by law. Public Safety There is hereby appropriated to the Oklahoma Department of Public Safety, the following amount or so much thereof as may be necessary to perform the duties of the Department: Administration and other Operating Expenses $1,022,606.00 The amount appropriated is to be expended by the Department of Public Safety for personal services and operating expenses, and for the purchase of equipment, and such amounts as are necessary to carry out the duties imposed upon the Department of Public Safety by law. Supplemental Appropriation. There is hereby appropriated to the agencies listed, . . . the following amount or so much thereof as may be necessary for the purposes specified Oklahoma Department of Public Safety For expenses of personal services, operating expenses and purchase of equipment $ 150,000.00 Highway Department There is hereby appropriated to the State Highway Department, . . . the sum of $18,491,067.00. Said appropriation shall be transferred and is hereby appropriated to the State Highway Construction and Maintenance Fund and shall be expended in the same manner and for the same purposes as provided by law for other monies occurring to the credit of the State Highway Construction and Maintenance Fund. As is readily apparent, the appropriations to these agencies use rather broad language as opposed to language that limits money for detailed and specified purposes. Inherent in the operation of these agencies and in carrying out the duties imposed upon them by law is the necessity of being able to effectively communicate with other State agencies and departments, with other branches of State Government, and with the public at large. It would appear that anything that would increase the ability to effectively communicate, as mentioned above, would also enable the above agencies to more effectively carry out their operations and duties imposed upon them by law. Therefore, it would appear that this particular contract is within the scope of the appropriations listed above. It should be pointed out that this office is not making a determination one way or the other as to the feasibility or desirability of this study. The need or desirability of this study is an administrative decision to be made by the agencies involved. It is, therefore, the opinion of the Attorney General that your question be answered as follows: There is nothing in the appropriations to the above agencies that would prohibit using funds from these appropriations for the study in question, and therefore, expenditure of these funds for the study does not violate or contravene any provision of the Oklahoma Constitution. (Todd Markum)