## SOMERS V. STATE.

A deputy appointed by an officer, to hold during the pleasure of such principal, does not hold for a "term," within the meaning of section 3, art. 12, of the constitution, prohibiting any change in the compensation of any public officer "during his term of office."

(Syllabus by the Court.   Opinion filed Aug. 13, 1894.)

Action original in this court to recover from the State of South Dakota money alleged to be due for salary as deputy superintendent of public instruction.

This case was first decided by this court in an opinion filed April 26, 1894, and reported in 5 S. D. 321, 58 N. W. 804.   In that opinion a demurrer to the complaint was sustained. Thereafter plaintiff petitioned for a rehearing which in this opinion is denied.

*John F. Dillon*, for plaintiff.

*Coe I. Crawford*, for defendant.

KELLAM, J.   This was an original action in this court to recover an unpaid portion of salary, claimed by plaintiff as deputy superintendent of public instruction.   The opinion is published in 58 N. W. 804.   Plaintiff asks a rehearing on the single ground of alleged error of this court in holding that plaintiff, being appointed to hold during the pleasure of his principal, had no term of office, within the meaning of section 3, art. 12, of our state constitution, declaring that "the com- compensation of no public officer shall be increased or dimin- ished during his term."   In his petition for rehearing plaintiff thus states his position:   "The appointment of the plaintiff carried with it a term, tenure, service, or duration to the ex- tent of that of the principal, unless removed by the principal, and no one else.   *   *   *   If a term depended upon a con- tingency, then there is not a term of office connected with any office in this state or the United States.   They are all depend- ing upon some contingency.   The president of the United States, elected for four years; the governor of South Dakota, for two years,—all their terms depend upon certain conditions, and are subject to impeachment.   There can be but little dif- ference in theory, if a term depends upon a contingency, whether it is for the time during the pleasure of the principal or for the time during the pleasure of the impeaching power."

Wrong premises will generally lead to wrong conclusions. We think the error of plaintiff is in attempting to make the "term" belong to the incumbent, rather than to the office. If a president or a governor die or is removed, he ceases to perform the duties of his office, but the length of his term is not affected. That attaches to the office itself. "The word 'term' applies to the office, and not to the person holding it." Parmater v. State, 102 Ind. 95, 3 N. E. 382, and cases there cited. Upon the happening of such contingency a new term does not commence, unless so expressly provided by law, but a new person steps in, not on the theory that such contingency has ended the "term" of such officer, but on the opposite theory that such contingency has caused a vacancy within the term. The term of office—the official term—is fixed by the law. The term or time of actual service may depend upon contingencies. The length of an official term is not uncertain, or determined by accident or circumstances. The length of service of a particular incumbent may be. Vaughn v. English, 8 Cal. 40, seems to afford some support to plaintiff's contention. The opinion of the court is stated in less than three lines, without argument, or any suggestion as to what line of reasoning leads to it. If plaintiff's argument and conclusions are correct, then there is no office without a fixed and definite term; for it is believed that no office can be imagined with respect to which there is no regulation fixing conditions which shall terminate the incumbent's occupation of it. The clerk and reporter of this court are each appointed to hold during the pleasure, not of the court, but of the judges. Has each a term expiring, unless sooner removed, with the term of the judges making the appointment? Suppose, then, that, as is the case in many of the states, one judge were elected every two years, so that their terms did not expire at the same time, would it be true that the term of these appointed officers was a perpetual one? We still think that the word "term," when applied to an office means a definite time for its beginning and ending. If a dep-

uty, holding at the pleasure of his principal, is holding for a term, then a servant acting during the pleasure of his employer is employed for a term, and a tenant occupying at the will of his landlord is holding for a term. This would be contrary to common understanding. In People v. Brundage, 78 N. Y. 407; the court says: "A term of office is a fixed period prescribed for the holding of the office. The causes which create a vacancy to be filled by appointment are uncertain, unknown, and contingent; but the term is made certain by specification." In Speed v. Crawford, 3 Metc. (Ky.) 207, it is held, that a "term" uniformly designates a fixed and definite period of time, and that officers holding at the pleasure of another officer do not hold office for a term. In his work on Public Officers (section 385) Mechem says: "The word 'term,' when used in reference to the tenure of office, means ordinarily a fixed and definite time, and does not apply to appointive offices held at the pleasure of the appointing power." In Gibbs v. Morgan, 39 N. J. Eq. 128, where a preliminary question was whether the constitutional prohibition against increasing or diminishing the compensation of public officers during their term applied to deputy county clerks, the court says: "Deputy clerks are public officers, but they have no term in the sense in which the expression is used in the paragraph above quoted. They are employes of the county clerks, and their employment is a matter of mere private contract. The law merely constitutes them public officers, and gives them certain powers. It does not establish any particular period of service for them. That is left to private agreement. Since they have no term in the sense in which the word is used in the constitution, it follows that the constitutional prohibition, when applied to legislation to create or increase their compensation, is unqualified." In the later case, State v. Boughner (N. J. Sup.) 26 Atl. 808, the court says: "The term of an officer means the period of time for which the incumbent has a right to it; so that, if such period of time be not fixed, the term is not fixed. In case of an

office held during the pleasure of another, the official term—that is, the continuance of the incumbency—is uncertain, and unfixed until the mandate of removal has been issued, and such is the common justification of the phrase in question." In the very recent case of State v. Johnson (Mo. Sup.) 27 S. W. 399, reaching us since the foregoing was written, the court, in construing a constitutional provision as follows: "The compensation or fees of no state, county or municipal officer shall be increased during his term of office," says: "It will be observed that this section of the constitution only embraces within its provisions officers who are elected or appointed for some specific or definite term, and that it has no application whatever to the case in hand, where the relator's term of office is not fixed by any law or ordinance, and when he simply holds at the pleasure of the appointing power."

We might say, before closing, that constitutional prohibitions, similar to ours, against changing the compensation of a public officer during his term, have been held to apply alone to offices created by the constitution, not affecting or limiting the power of the legislature with respect to offices created by statute. See Douglass Co. v. Timme, 32 Neb. 272, 49 N. W. 266; State v. Kalb, 50 Wis. 178, 6 N. W. 557, As this particular question was not presented or discussed in the argument, and as we are content to rest our decision on the grounds stated, we do not further notice the point or examine its tenability. Our confidence in the correctness of the former opinion is unshaken after a re-examination of the points made by plaintiff in his petition for rehearing, and the petition is denied. All the judges concur.