[Civ. No. 468.  First Appellate District.—March 31, 1908.]

THOMAS R. HARROLD, Appellant, v. H. E. BARNUM, Auditor of Fresno County, Respondent.

CONSTITUTIONAL LAW—CONSTRUCTION OF PROVISION AGAINST INCREASE OF SALARIES—TERM OF OFFICE—APPOINTEES DURING PLEASURE.— The prohibition in section 9 of article XI of the state constitution that the ''compensation of any county, city, town or municipal officer shall not be increased after his election or during his term of office,'' applies only to officers who have a fixed and definite term, and does not apply to appointive officers who hold merely at the pleasure of the appointing power.

ID.—POWER OF LEGISLATURE—INCREASE OF SALARY OF DEPUTY COUNTY SURVEYOR.—The legislature has power to increase the salary of a deputy county surveyor during the time of his holding of the deputyship, since he holds it only during the pleasure of the county surveyor who appointed him.

APPEAL from a judgment of the Superior Court of the County of Fresno. Geo. E. Church, Judge.

The facts are stated in the opinion of the court.

Everts & Ewing, for Appellant.

Denver S. Church, District Attorney, and M. F. McCormick, for Respondent.

KERRIGAN, J.—January 7, 1907, one Scott McKay, having been theretofore elected county surveyor of Fresno county for a term of four years, qualified and assumed the duties

of that office. He thereupon appointed the plaintiff deputy county surveyor, which appointment continued in force until June 1, 1907, when it was revoked. Thereafter, however, he was reappointed to the same position, qualified under the second appointment, and served for one month, whereupon he demanded of the county auditor (defendant) a warrant upon the treasury of said county for the sum of $100 as his salary for said month, being the month of June. Compliance with this demand was refused, and plaintiff in his complaint prays for an alternative writ of mandate, directing said auditor to issue and deliver said warrant to him. Judgment went for defendant, from which judgment plaintiff prosecutes this appeal.

When Scott McKay was elected to the office of county surveyor in January, 1907, his salary and that of his deputy was fixed by the county government act (Stats. 1905, p. 435 et seq.), as follows: "In counties of the seventh class (Fresno) the county officers shall receive as compensation for the services required of them by law or by virtue of their offices, the following salaries, to wit:

"Paragraph 12. The surveyor, two thousand dollars ($2,000.00) per annum in full compensation for all services as county surveyor, as road viewer and road inspector, and his actual expenses when at work in the field. He shall have one deputy at an annual salary of nine hundred and sixty dollars ($960.00)."

The legislature of 1907 (Stats. 1907, p. 447), modified the foregoing paragraph 12, by amending section 4236 of the Political Code, so as to fix the salary of deputy surveyor at $1,200 per annum. In all other respects the paragraph remains unchanged.

The question for determination is whether the act increasing the salary of the office held by appellant, viz., that of deputy county surveyor, is within the prohibition of article XI, section 9, of the constitution of this state, which reads: "Compensation of any county, city, town or municipal officer shall not be increased after his election or during his term of office, nor shall the term of any officer be extended beyond the period for which he is elected or appointed."

After a careful examination of the authorities we are convinced that the expression "term of office," as used in the

constitutional provision just quoted, applies only to officers who have a fixed and definite term, and that it does not apply to appointive officers who hold at the pleasure of the appointing power.

In the case of *Gibbs* v. *Morgan,* 39 N. J. Eq. 126, where a preliminary question was whether the constitutional prohibition against increasing or decreasing the percentage or allowance of public officers during the time for which they were elected or appointed applied to a deputy county clerk, the court says: "Deputy clerks are public officers, but they have no term in the sense in which the expression is used in the paragraph above quoted. They are employees of the county clerks, and their employment is a matter of mere private contract. The law merely constitutes them public officers and gives them certain powers. It does not establish any particular period of service for them. That is left to private agreement. Since they have no term in the sense in which the word is used in the constitution, it follows that the constitutional prohibition when applied to legislation to create or increase their compensation is unqualified."

In *Speed* v. *Crawford,* 3 Met. (Ky.) 207, the word "term" is expressly held to designate "a fixed and definite period of time," and the court states that officers removable at the pleasure of another officer, or where they may be removed on the occurrence of an uncertain event, do not hold office for a term. This case was decided on a constitutional provision similar to the one found in this state.

In *State* v. *Johnson,* 123 Mo. 43, [27 S. W. 399], a chief engineer of a city fire department was appointed by the council, and was subject to be removed by it. During his incumbency of the office his salary was increased. There, in construing the following constitutional provision: "The compensation or fees of no state, county or municipal officer shall be increased during his term of office," the court said: "It will be observed that this section of the constitution only embraces within its provisions officers who are elected or appointed for some specific or definite term, and that it has no application whatever to the case in hand, where the relator's term of office is not fixed by any law or ordinance and when he simply holds at the pleasure of the appointing power. The relator was not elected nor was he appointed for any definite time. There does not seem to be

room for argument in regard to the proper meaning of this section, so plain is it in its construction."

*State* v. *Galusha,* 74 Neb. 188, [104 N. W. 201], involved a definition of the phrase "term of office," and the court held that it meant "a fixed and definite period of time," and in support of this position it cites a number of authorities, among others, *State* v. *Stonestreet,* 99 Mo. 361, [12 S. W. 895], in which last case it is said: "Whether we take the phrase [term of office] in its ordinary or popular sense, or its technical import, it means one and the same thing—a fixed and definite period of time."

*Somers* v. *State* is reported in 5 S. Dak. 321, [58 N. W. 804], and again upon rehearing in 5 S. Dak. 584, [59 N. W. 962]. There the salary of a deputy superintendent of public instruction was reduced by an act of the legislature from $1,200 to $900 per annum, and he contended that this act of the legislature was in violation of a section of the constitution, which provided that "the compensation of no public officer shall be increased or diminished during his term." The court reviewed the authorities, and held that this contention was not correct, for the reason that under the law he has no term. The court said: "He had no title or tenure to the office beyond the pleasure of the appointing power. The word 'term' when used in reference to the tenure of office, means, ordinarily, a fixed and definite term, and does not apply to appointive offices held at the pleasure of the appointing power." (See, also, *State* v. *Massillion,* 24 Ohio C. C. 249; 19 Am. & Eng. Ency. of Law, 1st ed., p. 562; 28 Am. & Eng. Ency. of Law, 2d ed., p. 53; Mechem on Public Officers, sec. 385.)

Respondent also cites the case of *Larew* v. *Newman,* 81 Cal. 588, [23 Pac. 227], decided in 1857. There are some expressions in the case contrary to the views just expressed, but they were unnecessary for the decision, and therefore are not controlling here.

Respondent also cites the case of *Larew* v. *Newman,* 81 Cal. 588, [23 Pac. 227]. There, a few months after one Engenhoff was elected county superintendent of schools, he resigned, and one Larew was appointed to fill the unexpired term. After Engenhoff was elected and before he resigned, the salary of county superintendent of schools was increased, and Larew sought to recover the increased salary. The court held, construing the constitutional provision al-

ready quoted, "that the increased salary did not commence until after the expiration of the time for which Engenhoff had been elected." That case is not in point. There the term of office was fixed and definite. The term of an office relates to the office and not to the incumbent. When Engenhoff resigned and Larew was appointed a new term was not thereby commenced. The resignation merely created a vacancy within the term. (*Somers* v. *State*, 5 S. Dak. 584, [59 N. W. 963].)

The judgment is reversed.

Hall, J., and Cooper, P. J., concurred.