## BOARD OF COM'RS OF MUSKOGEE COUNTY v. HART.

No. 2936. Opinion Filed November 14, 1911.

(119 Pac. 132.)

**OFFICERS—Deputies—''Term of Office''—Compensation.** A deputy, appointed by an officer to hold during the pleasure of such principal, does not hold for a term, within the meaning of section 10, art. 23, of the Constitution of this state, prohibiting the change of the salary or emoluments of any public officer after his election or appointment, or during his ''term of office,'' except by operation of law, enacted prior to such election or appointment.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County; Farrar L. Mc-Cain, Judge.*

Action between the Board of Commissioners of Muskogee County and Charles E. Hart.  From the judgment, the Board of Commissioners brings error.  Affirmed.

*W. E. Disney,* for plaintiff in error.

*Charles A. Moon,* for defendant in error.

WILLIAMS, J.  This proceeding in error is to review the judgment of the trial court, holding that section 16, c. 69, Session Laws 1910, as amended by section 1, c. 56, Session Laws 1911, entitled "An act amending section 16 of an act entitled 'An act relating to certain county and district officers,' chapter 69, of Session Laws 1910, repealing all laws in conflict," wherein the compensation of certain deputies was increased, applied to deputies then in office who held, not for any specified time or

defined term, and that it was not repugnant to section 10 of article 23 of the Constitution, which is *in haec verba:*

"Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment; nor shall the term of any public official be extended beyond the period for which he was elected or appointed: Provided, That all officers within this state shall continue to perform the duties of their offices until their successors shall be duly qualified."

Section 3, art. 12, of the Constitution of South Dakota (1889) provides:

"The Legislature shall never grant any extra compensation to any public officer, employee, agent or contractor after the services shall have been rendered or the contract entered into, nor authorize the payment, of any claims or part thereof created against the state, under any agreement or contract made without express authority of law, and all such unauthorized agreements or contracts shall be null and void; nor shall the compensation of any public officer be increased or diminished during his term of office; Provided, however, that the Legislature may make appropriations for expenditures incurred in suppressing or repelling invasion."

In *Somers v. State,* 5 S. D. 321, 58 N. D. 804, *Id.,* 5 S. D. 585, 59 N. W. 963, it was held:

"A deputy, appointed by an officer to hold during the pleasure of such principal, does not hold for a 'term,' within the meaning of section 3, art. 12, of the Constitution, prohibiting any change in the compensation of any public officer 'during his term of office.'"

Section 8, art. 14, of the Constitution of Missouri (1875) provides:

"The compensation or fees of no state, county or municipal officer shall be increased during his term of office; nor shall the term of any office be extended for a longer period than that for which such officer was elected or appointed."

In *State ex rel. Kane v. Johnson, Comptroller* (Mo.) 25 S. W. 855, section 1 of the syllabus is as follows:

"A municipal officer, subject to removal at the pleasure

of the council, is not an officer, within Const. art. 14, § 8, prohibiting an increase in the salary of any officer during his term of office."

In the opinion it is said:

"Counsel for the relator concede in their brief that he is a public officer, within the meaning of the general definitions of a public officer, and that he performs public duties, and offices and functions of a public character; but they contend that he is not an officer, within the meaning of the section of the Constitution quoted. It will be observed that this section of the Constitution only embraces within its provisions officers who are elected or appointed for some specific or definite time, and that it has no application whatever to the case in hand, when the relator's term of office is not fixed by any law or ordinance, and when he simply holds at the pleasure of the appointing power. This is manifest from the fact that it also provides that the term of office shall not be extended for a longer period than that for which such officer was elected or appointed. The relator was not elected, nor was he appointed, for any definite time."

On a rehearing, the court adhered to its former decision. *State ex rel. Kane v. Johnson,* 123 Mo. 43, 27 S. W. 339.

Article 4, section 7, par. 11, of the Constitution of New Jersey (1844) provides:

"The Legislature shall not pass private, local or special laws in any of the following enumerated cases; that is to say: * * * Creating, increasing or decreasing the percentage or allowance of public officers during the term for which said officers were elected or appointed."

In *Gibbs v. Morgan,* 39 N. J. Eq. 126, it is said:

"By the act of 1874, entitled 'An act to regulate the salary of the clerk of the county of Camden' (P. L. of 1874, p. 280); it was provided that the clerk of Camden county shall receive from the county, in lieu of fees, for his services as clerk of the criminal and civil courts of the county a salary of $4,000 per annum; his fees to go to the county. The act was to take effect at the expiration of the term of office of the then clerk. By the act of 1876, entitled 'An act concerning clerks of counties in this state' (P. L. of 1876, p. 289), it was enacted that the clerk of each of the counties of this state might appoint an assistant in his office, to be known and denominated as his 'deputy clerk,' and gave to such deputy power, during the absence or inability

of the clerk, to exercise all his powers and perform all his duties. But it was thereby provided, also, that 'no additional compensation shall be paid to the deputy by the county.' The beforementioned act of 1882 [P. L. 1882, p. 195], which is entitled a supplement to the last-mentioned act, if valid, in effect partially repeals the provision of the act of 1876, that deputy clerks shall receive 'no additional compensation from the county,' and gives to the deputy clerks of counties where the clerk is paid by annual salary a salary of $2,000 per annum from the county. It is an act giving a salary out of the county treasury to a certain deputy clerk or certain deputy clerks, as the case may be, and the only question to be considered is whether it is a special or local law. Deputy clerks are public officers, but they have no term, in the sense in which the expression is used in the paragraph above quoted [referring to paragragh 11, *supra*]. They, are employees of the county clerks, and their employment is a matter of mere private contract. The law merely constitutes them public officers, and gives them certain powers. It does not establish any particular period of service for them. That is left to private agreement. Since they have no term, in the sense in which the word is used in the Constitution, it follows that the constitutional prohibition, when applied to legislation to create or increase their compensation, is unqualified. It must be by general law, and cannot be by local or special enactment."

Section 9, art. 11, Constitution of California (1879) provides:

"The compensation of any county, city, town or municipal officer shall not be increased after his election or during his term of office; nor shall the term of any such officer be extended beyond the period for which he is elected or appointed."

In *Tulare County v. May*, 118 Cal. 303, 50 Pac. 427, it was held that said provision did not apply to deputy county officers who had no fixed term.

*Henderson v. Board of Com'rs of Boulder County* (Colo.) 117 Pac. 997, construing section 30, art 5, Constitution (1876) of Colorado, is not in conflict with the foregoing authorities; for there the statute, fixing the county judge's salary, provided that the compensation for his clerk should be paid by him out of his fixed salary.

The deputy clerk here is without any "term," as the same

is used in section 10, art. 23, *supra*. It follows that that portion of the provision which prohibits the change of the salary or emoluments of a public officer during his term of office does not apply to the defendant in error.

The question further arises, Does that part which prohibits the changing of such salary or emoluments after his election or appointment apply? Article 24 of the Constitution of Connecticut (1818), as adopted by amendment in October, 1877, provides:

"Neither the General Assembly nor any county, city, borough, town, or school district shall have power to pay or grant any extra compensation to any public officer, employee, agent. or servant, or increase the compensation of any public officer or employee, to take effect during the continuance in office of any person whose salary might be increased thereby, or increase the pay or compensation of any public contractor above the amount specified in the contract."

The Connecticut provision does not depend upon the public officers having a fixed term, and it includes deputies. The Oklahoma provision prohibits the changing, either increasing or decreasing, of the salary or emoluments of a public officer after his election or appointment, or during his term of office. If this provision is to be construed to mean that after an officer has received his appointment or been elected his salary or emoluments shall not be changed, either increased or decreased, then why the necessity of adding the clause "or during his term of office?" It is a rule of construction that, if reasonably practicable, effect is to be given to the entire provision, and no part shall be nullified. If this section be construed to mean that after an officer has been elected or appointed, and prior to the time that his term begins, no change, either by increasing or decreasing, shall be made in his salary or emoluments, and, further, after.his term has begun, during such term no change shall be made, either by increasing or decreasing such salary or emoluments, then effect is given to all of this provision. But it may be urged that then the clause "or during his term of office" was unnecessary, and that the clause "after his election or appointment" would have covered, not only the period prior to his being installed in office and beginning his

term, but also subsequent thereto to the end of this term. That may be true; but some framers of provisions prefer to use specific language, and cover the entire ground in specific detail, rather than in general terms, and it is not for us to determine which is preferable. Then, again, mark the language, "after his election or appointment, or during his term of office." "During his term of office," construed with what goes before, indicates that it was intended that this provision applied to public officials that had a term of office, and the defendant in error has no term of office. He serves at the pleasure of his principal.

We conclude that the judgment of the lower court should be affirmed.

All the Justices concur.