(89 South. 824)

**STONE, County Treasurer, v. STATE ex rel. STRAIN. (1 Div. 432.)**

(Court of Appeals of Alabama. June 30, 1921.)

Officers ⚖100(2)—Act increasing salaries of court reporters took effect on its passage; "officer"; "term of office."

As to a court reporter holding his position under appointment under Act Sept. 25, 1915 (Acts 1915, p. 859), fixing a salary of $175 per month, the amendatory act of October 1, 1920 (Acts Sp. Sess. 1920, p. 31), fixing the salary at $200 a month, took effect upon its passage; for the act gives the appointing judge the power to remove the reporter at pleasure, and an officer thus removable has no "term of office" within Const. 1901, § 281, forbidding increase or diminution of salary during term of office, the phrase meaning only a period of time fixed by law, and, furthermore, a court reporter is not an officer within section 281, but an employee or attaché of the court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Officer; Term of Office.]

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Application by the State of Alabama, on the relation of Clarence A. Strain, for mandamus to compel George E. Stone, as Treasurer of Mobile County, to pay him certain warrants issued to him, as court reporter. From a judgment granting the writ, respondent appeals. Affirmed.

George E. Stone, of Mobile, pro se.

Counsel insists that the court erred in its judgment granting the mandamus, and in support thereof he cites Const. 1901, §§ 45, 106, and 110; sections 146 and 147, Code 1907; Local Acts 1907, p. 727; Acts 1915, p. 573; Acts 1919, p. 24; Acts 1920, p. 18; Acts 1920, pp. 148 and 149; Acts 1903, pp. 108, 145, 183, 365, 411 and 514; 180 Ala. 489, 61 South. 368; 145 Ala. 132, 40 South. 350.

Brooks & McMillan, of Mobile, for appellee.

The act took effect immediately. 184 Ala. 283, 63 South. 985. The act is valid, unless shown to be invalid. 180 Ala. 473, 61 South. 597; 172 Ala. 167, 54 South. 605. The petitioner was not an officer within the Constitution. 187 Ala. 87, 65 South. 378, L. R. A. 1915A, 295; 71 Minn. 178, 73 N. W. 704; 167 Ind. 622, 79 N. E. 916; 147 Ind. 586, 45 N. E. 647, 47 N. E. 8, 37 L. R. A. 388, 62 Am. St. Rep. 436; (Tex. Civ. App.) 35 S. W. 414; 5 S. D. 321, 58 N. W. 804; 88 Md. 691, 41 Atl. 1087; 173 Ala. 453, 56 South. 211; 107 Ala. 380, 18 South. 157; 200 Ala. 480, 76 South. 422.

BRICKEN, P. J. This is an appeal from a judgment of the circuit court of Mobile county awarding a writ of mandamus upon the petition of Clarence A. Strain against the treasurer of Mobile county. The facts of this case are without dispute.

On January 5, 1920, Judge Saffold Berney, one of the three judges of the Thirteenth judicial circuit, appointed Clarence A. Strain official court reporter under an act of the

Legislature approved September 25, 1915 (Acts 1915, p. 859).

The compensation fixed for an official court reporter by the terms of section 9 of this act was $175 a month. By an act approved October 1, 1920, amending section 9 of the act of 1915, it was provided that in circuits having three judges each judge should appoint a court reporter, and that each court reporter should receive $200 a month. Acts Special Session 1920, p. 31. The Thirteenth circuit has three judges, and petitioner is the court reporter appointed by one of these circuit judges.

The act of October 1, 1920, amending the act of September 25, 1915, went into effect immediately upon its passage and approval. The Legislature failed to indicate an intention to the contrary, and from the nature and subject-matter of the act we are unable to discover any reason why the Legislature intended that it should go into effect at any other time than upon its passage. Macon Co. v. Abercrombie, 184 Ala. 283, 63 South. 985.

The contention of appellant that the amendatory act does not apply to the petitioner because of section 281 of the Constitution is without merit. Section 281 is as follows:

"The salary, fees, or compensation of any officer holding any civil office of profit under this state or any county or municipality thereof, shall not be increased or diminished during the term for which he shall have been elected or appointed."

This act gives the appointing judge the power to remove the reporter at his pleasure, and an officer thus removable has no term of office. "Term of office," as that phrase is used in our Constitution, can only mean a period of time fixed by law. Touart v. Callaghan, 173 Ala. 457, 56 South. 211; State v. Sanders, 187 Ala. 79, 65 South. 378, L. R. A. 1915A, 295.

Nor in our opinion is petitioner an officer within the contemplation of section 281 of the Constitution. Taking the acts of the Legislature upon the subject of official court reporters, and construing them in their entirety, there is no difficulty in concluding that the Legislature never intended to clothe the position of court reporter with the functions and attributes of an officer. A court reporter is an employee or an attaché of the court without any of the characteristics of an office holder under section 281 of the Constitution. Harrington v. Van Hayes, 200 Ala. 480, 76 South. 422.

The circuit court committed no error in awarding the writ of mandamus, and its judgment is affirmed.

Affirmed.

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes