The People of the State of Illinois ex rel. Edward J. Brundage, Attorney General, Appellant, v. James C. Hansen et al., Appellees.

## Gen. No. 29,177.

1. OFFICERS AND PUBLIC EMPLOYEES—*necessity of notice and hearing before removal of public officer.* If an officer is appointed during the pleasure of the appointing power or if his removal is purely discretionary, no notice or hearing is necessary preliminary to removal; but otherwise notice must be given and a hearing had if not waived.

2. OFFICERS AND PUBLIC EMPLOYEES—*when officers removable at will of appointing officer.* Where the statute providing for a retirement board of the policeman's annuity fund provides that, "The

appointive members of said retirement board may be removed from office by the mayor of such city," Cahill's Ill. St. ch. 24, ¶ 853, the mayor has power to remove such officers at will though the statute contemplates the appointment of one each year for a term of three years so that but one shall be retired at a time.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. Oscar Hebel, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1924. Affirmed. Opinion filed October 20, 1924.

A. D. Gash, for appellant.

Francis X. Busch and George F. Mulligan, for appellees; George F. Mulligan, of counsel.

Mr. Justice Matchett delivered the opinion of the court.

This case was begun in the trial court by an information in quo warranto by which the People allege that the respondents have usurped the offices of certain members of the retirement board of the policeman's annuity fund of the City of Chicago. A demurrer was filed to the information and was sustained by the court, and the information dismissed.

The demurrer admits the allegation of the petition that the mayor of Chicago pretended to remove LeGros, Bye and Weber, certain of the relators who were members of the board, and without cause.

The relators contend that the mayor was wholly without power or authority to do this under the provisions of the statute. The statute in question (see Smith-Hurd's Ill. Rev. St. 1923, p. 379) [Cahill's Ill. St. ch. 24, ¶ 853] provides for the appointment of these members of the board by the mayor and for their removal by him; and the controlling question in the case is whether, under the provisions of this statute, the power of removal granted to the mayor may be exercised arbitrarily and unconditionally without cause. An examination of the cases cited by the par-

ties indicates that the law applicable to this question is not doubtful. If an officer is appointed during the pleasure of the appointing power or if his removal is purely discretionary, no notice or hearing is necessary, preliminary to a removal; but otherwise notice must be given and a hearing had if not waived. 1 Dillon Municipal Corporations, par. 250; Mechem Public Officers, 454; Throop Public Officers, sec. 354; *Ex Parte Hennen,* 13 Pet. (U. S.) 225, 230; *Field v. Commonwealth,* 32 Pa. St. 478, 484; *Caulfield v. State,* 1 S. C. 461, 465; *Collins v. Tracy,* 36 Tex. 546; *Hallgren v. Campbell,* 82 Mich. 255.

The law applicable is well stated in 29 Cyc., page 1408, where the authorities in the different States are cited in a footnote. It is there said:

"The powers of removal of the executive authorities are defined by the statutes upon which they depend, except that the power of removal is by the common law regarded as incident to the power of appointment. The executive power of removal is either an arbitrary or a conditional one. In case the power is an arbitrary one—and it is arbitrary when incidental to the power of appointment—no formalities such as the presentment of charges or the granting of a hearing to the person removed are necessary to its lawful exercise. The appointment of a successor even is regarded as a removal of the prior incumbent."

It is therefore apparent that the controlling question in this case involves a construction of the statute which provides for the appointment and removal of the relators.

Section 2 [Cahill's Ill. St. ch. 24, ¶ 853] of the statute provides:

"A board composed of five (5) members shall be and constitute a board of trustees authorized to carry out the provisions of this Act and charged with the duty of administering the annuity and benefit fund herein provided for. * * * The said retirement

board shall consist of the following: *Three (3) members who shall be persons appointed by the mayor of such city;* one (1) member who shall be a policeman employed by such city, and one (1) member who shall be an annuitant of the annuity and benefit fund herein provided for, or a pensioner of any police pension fund in operation, by authority of law, in such city at the time this Act shall come in force and effect in such city.

"Within thirty (30) days from and after the date upon which this Act shall come in force and effect in such city, the mayor of such city shall appoint three (3) persons to serve as members of said retirement board. One such person shall be appointed for a term which shall and on the first day in the month of December of the third year after the year in which this Act shall come in force and effect in such city, one for a term which shall end on the first day in the month of December of the second year after the year in which this Act shall come in force and effect in such city, and one for a term which shall end on the first day of the month of December of the first year after the year in which this Act shall come in force and effect in such city. *At least thirty (30) days prior to the expiration of the term of office of the appointive member whose term shall next expire, the mayor of such city shall appoint a successor to such member for a term of three (3) years.* Any person appointed, as aforesaid, to membership upon said retirement board shall continue in office until his successor shall have been appointed and shall have qualified. * * * If a vacancy shall occur in the membership of said retirement board owing to death, resignation or any other cause, said vacancy shall be filled as follows: In case the vacant membership be that of an appointee of the mayor of such city, the said mayor shall appoint a person to serve during the remainder of the unexpired term. * * * The appointive members of said retirement board may be removed from office by the mayor of such city. * * * "

The relators contend that since the statute in question fixes the terms of the commissioners so that the terms of one commissioner shall expire each year, it apparently was the intention of the legislature to make it impossible for all the terms to expire on the same date, and that it is inconsistent with this intention that the power of removal granted to the mayor of the city should be construed as arbitrary, unconditional and unlimited. The language of the statute is, however, controlling as we view the matter. It gives to the mayor unqualifiedly the power of appointment for a definite term, but it does not stop there. It proceeds to also give the mayor the power of removal and the power given is not limited by any words to be found in the statute. The power is unconditional. We cannot usurp the functions of the legislature. We can interpret but have no right to add to or take from the plain words in which the legislature has seen fit to express its intention. The cases upon which the plaintiffs rely are all distinguishable from this one in that the power to remove was not given or granted unconditionally. It would serve no useful purpose to review those cases at length. The limitations of the courts in this respect are well stated in *Stiles v. Board of Trustees*, 281 Ill. 636, and cases there cited.

For the reasons indicated the judgment of the trial court is affirmed.

*Affirmed.*

McSURELY, P. J., and JOHNSTON, J., concur.