BODELL *v.* CITY OF BATTLE CREEK.

1. OFFICERS—MUNICIPAL   CORPORATIONS—RESOLUTIONS—SALARIES—
TERM OF OFFICE.

   Under resolution fixing city officer's annual salary but not fix-
   ing any term, adopted after expiration of his definite term
   of office, the officer would hold office until his successor was
   appointed.

2. CONSTITUTIONAL LAW—OFFICERS—SALARIES.

   The inhibition against raising or lowering of salaries applies
   only to the definite, and not to the indefinite term of an official
   (Const. 1908, art. 16, § 3).

3. OFFICERS—SALARIES.

   Since one of the reasons for rule that an official's salary cannot
   be reduced during his definite term of office is to prevent use
   of an indirect method to discharge him, the rule is inappli-
   cable to case where incumbent is subject to removal at any
   time by appointment of a successor (Const. 1908, art. 16,
   § 3).

Appeal from Calhoun; Hatch (Blaine W.), J.
Submitted January 11, 1935. (Docket No. 78, Cal-
endar No. 37,643.) Decided March 5, 1935.

Assumpsit by Barton W. Bodell against City of
Battle Creek, a municipal corporation, for balance
of salary while serving as city engineer. From ver-
dict and judgment for plaintiff in an alleged insuffi-
cient amount, he appeals. Affirmed.

*John A. Wagner,* for plaintiff.

*Walter P. North,* for defendant.

BUTZEL, J. The city of Battle Creek is governed by a commission which has the power and duty to select certain appointive officers, including a city engineer. According to the charter, each of such officers holds office until his successor is appointed and duly qualified. Another provision of the charter states that the city engineer and such other officers as may be designated by the commission shall be appointed for a term of two years and until each of their successors are appointed. On June 7, 1926, Barton W. Bodell, plaintiff, was appointed city engineer at a salary of $300 per month. On December 23, 1929, he was reappointed city engineer for a term of two years from January 1, 1930. On December 27, 1932, nearly a year after the expiration of his two-year term, the city commission adopted a resolution fixing Bodell's salary at the rate of $2,400 per year from and after January 1, 1933, but without stipulating any term. Under the provisions of this resolution he would hold over until his successor was appointed. Almost immediately after the passing of the resolution, plaintiff complained to the mayor, who was in full sympathy with Bodell, and who had objected to the adoption of the resolution. Plaintiff stated that he would "protest" the action. Plaintiff made a further objection to the city treasurer, who, however, was not a member of the commission.

Notwithstanding these protests, plaintiff received and cashed twice each month a salary check for $100, reciting on its face that it was in payment of his salary for one-half of the month. He filed no formal complaint with the city while his employment continued and he was paid at the rate of $2,400 per year. In July, 1933, his successor was appointed. In September, 1933, he began the pres-

ent action to recover a balance alleged to be due him from the city on his salary. He contended that the reduction made in his salary by the commission in December, 1932, was unlawful and contrary to the provisions of the city charter, which provided that the salaries of all elective officers should not be decreased or increased during the term for which they were elected. The trial judge instructed the jury that the commission had no right, as a matter of law, to change or decrease plaintiff's salary from January 1, 1930, to July 17, 1933, when his successor was appointed. The trial judge, however, submitted to the jury as a question of fact whether or not plaintiff, by accepting twice each month checks reciting that they were in payment of salary for a specified period, had waived all claim for further compensation or had become estopped from claiming that his salary was unlawfully lowered during his term of office. The jury returned a verdict for plaintiff in the sum of $97.39, being the amount tendered into court by defendant at the beginning of the trial, but denied plaintiff the balance of the amount claimed to be due him as salary on the theory of estoppel. Plaintiff has appealed from this judgment.

It is unnecessary to consider the question of waiver or estoppel, inasmuch as the city had the absolute legal right to reduce plaintiff's salary beginning with January 1, 1932. Plaintiff was appointed for the term of two years and thereafter for such further indefinite term as might ensue until his successor was appointed. He makes no protest as to the salary he received while serving the definite term of his office. The inhibition against the raising or lowering of salaries applies only to the definite, and not to the indefinite term of an official.

*Burton* v. *City of Detroit,* 190 Mich. 195.* After plaintiff's definite term expired on December 31, 1931, he remained in office only until the appointment of his successor, and his term became indefinite. One of the reasons for the rule that an official's salary cannot be reduced during his definite term is to prevent the use of an indirect method to discharge an official during such term by the subterfuge of reducing his salary. This reason does not apply where, as in the instant case, plaintiff, from and after January 1, 1932, was subject to removal at any moment through the appointment of his successor. Plaintiff might have resigned with propriety at any time after his definite term was ended. He, however, chose to remain during the indefinite term, and he was not entitled to more salary than that provided for in the resolution adopted during his indefinite term.

The judgment of the lower court is affirmed, with costs to defendant.

Potter, C. J., and Nelson Sharpe, Fead, Wiest, Bushnell, and Edward M. Sharpe, JJ., concurred. North, J., did not sit.