DROLSHAGEN v. COUNTY OF WAYNE.

OFFICERS—PROBATE REGISTERS—REDUCTION OF SALARY DURING INCUMBENCY—EQUALLY DIVIDED COURT.
    Judgment for plaintiff, administratrix of estate of deceased probate register who had been appointed under a statute providing that he should "hold such office during the term for which the judge of probate making the appointment shall have been elected, unless sooner removed by the judge of probate," against county in action to recover amount by which board of supervisors had reduced salary during term of office is affirmed by an equally divided court (Const. 1908, art. 16, § 3; 3 Comp. Laws 1929, § 13875).

Appeal from Wayne; Ferguson (Homer), J. Submitted January 6, 1938. (Docket No. 57, Calendar No. 39,833.) Decided April 4, 1938.

Bertha Drolshagen, administratrix of the estate of Joseph F. Drolshagen, deceased, filed her claim with the Wayne County Board of Auditors for alleged deficiency in salary paid plaintiff's decedent as probate register. From denial of claim, plaintiff appealed to the circuit court. Judgment for plaintiff. Defendant County of Wayne appeals. Affirmed by an equally divided court.

*John J. Fish,* for plaintiff.

*Duncan C. McCrea,* Prosecuting Attorney, *Garfield A. Nichols* and *Russell C. Duncan,* Assistant Prosecuting Attorneys, for the defendant.

Sharpe, J. I am not in accord with the opinion of Mr. Justice Butzel. His opinion is based upon the proposition that because the probate judge has the power to remove the register of probate at will, the term is indefinite and the board of supervisors had the right to decrease the salary.

The general rule is that if the term is indefinite, the officer's salary may be reduced or enlarged. In *Bodell* v. *City of Battle Creek,* 270 Mich. 445, we said, "The inhibition against the raising or lowering of salaries applies only to the definite, and not to the indefinite term of an official."

The real issue in the present case is to determine whether a register of probate is appointed for a definite term. The authority for such an appointment is found in 3 Comp. Laws 1929, § 13875, which reads as follows:

"In every county in this State the judge of probate may appoint a probate register, who shall hold

such office during the term for which the judge of probate making the appointment shall have been elected, unless sooner removed by the judge of probate; such register so appointed shall take and subscribe the oath of office prescribed by the Constitution, and give bond in the penal sum of $1,000 to be approved by the probate judge, and shall exercise the power of, and be competent to do all acts required of the judge of probate except judicial acts.''

In support of the statement that if an officer is removable at will, he holds for an indefinite term, Mr. Justice BUTZEL cites: *Somers* v. *State,* 5 S. D. 321 (58 N. W. 804); 5 S. D. 584 (59 N. W. 962); *Buechele* v. *Petty,* 265 Ky. 321 (96 S. W. [2d] 1010); *Bayley* v. *Garrison,* 190 Cal. 690 (214 Pac. 871).

In the *Somers Case, supra,* the officer was appointed under a statute which provided that the superintendent was authorized ''to appoint a deputy.'' There was no specification as to the term of the appointment. The court in that case said:

''Plaintiff had no 'term.' * * * The law fixed no time for the continuance of such appointment.''

And on the rehearing, the court said:

''We still think that the word 'term,' when applied to an office means a definite time for its beginning and ending.''

In the *Buechele Case, supra,* the court said: ''If one holds office at the pleasure of the appointing power, he has no fixed right either to the office or the compensation attached thereto at the time of his appointment, but may be removed at any time.'' The report of this case does not show whether any term of office was mentioned, as in the case at bar. In *Bayley* v. *Garrison, supra,* it was held that the constitutional inhibition did not apply to the office

of a deputy county clerk because he had no term of office. The court there said: "We conclude * * * that the increase of compensation to a deputy who holds office at the pleasure of his principal is not a violation of * * * the Constitution."

In *Townsend* v. *Kurtz*, 83 Md. 331 (34 Atl. 1123), the State insurance commissioner, by statute, was to be appointed "for the term of four years * * * and shall hold his office during the term for which he is appointed, or until his successor is appointed, and qualified, unless sooner removed by the governor." The court said:

"When the statute has given the appointing power authority to remove the appointee, although originally appointed for a definite term of years, it can be exercised."

It was also said:

"It is contended on the part of the appellee that the tenure of this office is not for a fixed term, but its duration is uncertain and indefinite, and therefore the incumbent is removable at the will of the appointing power. It is well settled that where there is no limit fixed to the term (of) office, and the appointee holds merely at the will of the appointing power, he may be removed without notice and without charges being preferred or reasons assigned. But it would seem clear that under the very terms of the statute the tenure of this office is not for such an indefinite term as that. The statute says he shall be appointed 'for the term of four years,' and that he 'shall hold his office during the term for which he is appointed, or until his successor is appointed and qualified, unless sooner removed by the governor, treasurer, and comptroller.' We will have occasion to discuss later on the effect of this power of removal, but it cannot properly be said that the appointment is not originally for a definite term, al-

though subject to removal by the action of all of the officers above named. It is true he may not hold the office four years by reason of death, resignation, or his removal, if done in the way authorized by law, but that is the time designated by the statute for which he shall hold it, *subject to those contingencies.* It is therefore distinguished from that class of cases in which the appointing power is authorized to appoint officers without naming some fixed term.''

From our examination of Michigan authorities, we find that this is a case of first impression, but in *Trainor* v. *Board of Auditors of Wayne,* 89 Mich. 162 (15 L. R. A. 95), we said: ''It is the undoubted policy of our State, and best in accord with our system of government, that officers should hold for fixed terms, and not be subject to removal at the will or caprice of the appointing power.'' In construing the act under which the register of probate was appointed, the same must be construed to give effect to every portion of it, if possible. In *Rohde* v. *Wayne Circuit Judge,* 168 Mich. 683, on rehearing, it was said:

''It is a cardinal rule in the construction of statutes that effect is to be given, if possible, to every word, clause, and sentence. It is the duty of the court, so far as practicable, to reconcile the different provisions, so as to make them consistent and harmonious, and to give a sensible and intelligent effect to each.''

In my opinion the proper construction of the statute is that the *register of probate holds his office for a definite term, but may be removed by the judge of probate at any time before his term would otherwise expire.* If the statute be construed in this way, some operation is given to all of its provisions, namely, the term of office of the register of probate is for a

definite term, and if there be no removals, his term would expire at a definite period. If we adopt the opinion of Mr. Justice BUTZEL, it would render full emphasis to the removal clause provided for in the act, but would emasculate that portion of the act providing for the period of appointment. This we may not do.

It may also be noted that in providing for the appointment of probation officers by the probate judge the legislature has expressly provided that "all probation officers shall hold office during the pleasure of the court." 3 Comp. Laws 1929, § 12838. It is a fair inference that had the legislature intended that probate registers should "hold office during the pleasure of the court" only, it would have so provided. On the contrary, as above noted, a probate register is appointed to serve during the fixed term for which the appointing judge has been elected, and when so appointed a probate register cannot be removed except for cause.

Possibly, as is rather convincingly set forth in my Brother's opinion, it would be better if a probate register was subject to removal at the will of the appointing probate judge; but the wisdom of the statutory provision is a matter solely of legislative concern.

Plaintiff has the right to recover the balance of the register's salary. *Ruell* v. *City of Alpena*, 108 Mich. 290.

See, also, *County Com'rs of Anne Arundel County* v. *Goodman*, 172 Md. 559 (192 Atl. 325); *Taylor* v. *City of Philadelphia*, 126 Pa. Super. Ct. 196 (190 Atl. 663).

The judgment of the lower court is affirmed, with costs to plaintiff.

POTTER, NORTH, and McALLISTER, JJ., concurred with SHARPE, J.

Butzel, J.   Plaintiff, administratrix of the estate of Joseph F. Drolshagen, deceased, prevailed in a suit brought against the county of Wayne on a claim for an alleged deficiency in the payment of the salary of decedent for the period from December 1, 1932, to May 1, 1934.   Mr. Drolshagen was a competent register of probate of Wayne county.   He was appointed to that office on May 16, 1929, by Judge Henry S. Hulbert, reappointed on January 2, 1931, and held the office until May 1, 1934, when it became vacant on account of his death.   At the time of his reappointment the salary had been fixed by the board of supervisors at $9,000 per annum.   At the session of the board of supervisors in October, 1932, the budget adopted for the fiscal year from December 1, 1932, to November 30, 1933, reduced the salary of the probate register from $9,000 to $7,600 per annum which amount was paid to Mr. Drolshagen until his death.

Plaintiff claims that under the State Constitution of 1908, art. 16, § 3, decedent's salary as a public officer could not be decreased during his term after appointment.   *Gillespie* v. *Board of County Auditors of Oakland County*, 267 Mich. 483.   However, if an officer is removable at will, the constitutional provision prohibiting reduction of his salary does not apply.   *Somers* v. *State*, 5 S. D. 321 (58 N. W. 804), 5 S. D. 584 (59 N. W. 962); *Harrold* v. *Barnum*, 8 Cal. App. 21 (96 Pac. 104); *Board of Commissioners of Muskogee County* v. *Hart*, 29 Okla. 693 (119 Pac. 132, 37 L. R. A. [N. S.] 388); *State, ex rel. Matlack*, v. *Oklahoma City*, 38 Okla. 349 (134 Pac. 58); *Bayley* v. *Garrison*, 190 Cal. 690 (214 Pac. 871); *State, ex rel. Gilbert*, v. *Board of Commissioners of Sierra County*, 29 N. M. 209 (222 Pac. 654, 31 A. L. R. 1310); *Stone* v. *State, ex rel. Strain*, 18 Ala. App. 228 (89 South. 824); *Commonwealth* v. *Ewald Iron*

*Co.,* 153 Ky. 116 (154 S. W. 931) ; *Jefferson County* v. *Cole,* 204 Ky. 27 (263 S. W. 1114) ; *State, ex rel. Kane,* v. *Johnson,* 123 Mo. 43 (27 S. W. 399) ; *Buechele* v. *Petty,* 265 Ky. 321 (96 S. W. [2d] 1010) ; *Stewart* v. *Kidd,* 262 Ky. 90 (89 S. W. [2d] 861). If an officer, removable at will, refuses to acquiesce in a reduction of salary, he may be summarily removed and another officer appointed to take his place. Under such circumstances, the constitutional prohibition cannot apply, for its purpose is to preserve the independence of a public officer. We said in *Bodell* v. *City of Battle Creek,* 270 Mich. 445:

"One of the reasons for the rule that an official's salary cannot be reduced during his definite term is to prevent the use of an indirect method to discharge an official during such term by the subterfuge of reducing his salary. This reason does not apply where, as in the instant case, plaintiff, from and after January 1, 1932, was subject to removal at any moment through the appointment of his successor."

Where it is shown that a public officer may be removed at the pleasure of the officer who appointed him and who must have complete control over his actions and conduct, there is no reason for prohibiting an alteration in his compensation. Since control may be exercised over his actions directly by removal, it cannot be complained that the indirect exercise of such power, by reduction in salary, is improper. If the officer is unwilling to accept a reduction, he may resign. If he is not willing to do either, he may be discharged for that reason alone. The question therefore arises as to whether the probate register is removable at will or only for cause.

Section 13875, 3 Comp. Laws 1929, provides that the judge of probate may appoint a probate register who shall hold office for the same term for which the judge of probate is elected, *"unless sooner removed*

*by the judge of probate."* It also provides for a salary of $3,000 in counties of 200,000 or more, with power in the board of supervisors, by a majority vote of the members elect, to name an additional salary. The statute does not expressly state whether the power of removal is at will or only for cause.

Plaintiff contends that upon the re-election of Judge Hulbert of the probate court and the reappointment of decedent as register of probate, the latter's term of office was definitely fixed as coextensive with that of the probate judge, and for that reason his salary could not be decreased. However, as hereinbefore stated, the true test by which the applicability of the constitutional limitation is determined, is whether or not the officer is removable at will. The mere fact that the officer is appointed to hold office for a specified period does not preclude a construction of the statute to the effect that he is removable at will and subject to having his salary altered. In *Commonwealth* v. *Ewald Iron Co., supra.* a statute, providing that an appointee was to hold office for the term of the appointing officer, "unless sooner removed," was construed to allow removal at will and to permit an alteration in compensation. It has been repeatedly held that one holding office for a specified period, unless sooner removed, may be removed at will. *Townsend* v. *Kurtz,* 83 Md. 331 (34 Atl. 1123); *State, ex rel. Little,* v. *Mitchell,* 50 Kan. 289 (33 Pac. 104, 20 L. R. A. 306); *State, ex rel. Matlack,* v. *Oklahoma City, supra; State, ex rel. Holland,* v. *Ledwith,* 14 Fla. 220; *People, ex rel. Brundage,* v. *Hansen,* 234 Ill. App. 483; *State, ex rel. Sweeney,* v. *Stevens,* 46 N. J. Law, 344.

It cannot be said that a construction of the statute to allow removal at will nullifies the provision that the probate register is to hold office for the term of the probate judge. That clause is still effective to

fix a maximum period during which the register may hold office without reappointment. In the case of *State, ex rel. Rumbold,* v. *Gordon,* 238 Mo. 168 (142 S. W. 315, Ann. Cas. 1913A, 312), it was held that the legislature had power to alter the salary of the adjutant general, since the governor could remove that officer at will. The court said:

"This view of it does not make the words 'hold office during the term of the governor' perish by construction. Those words are still left as a legislative direction that in any and all events the military secretary of the governor shall step down and out with the governor himself. The governor is the commander in chief of the national guard by virtue of his office, and when he lays down his sword, his military secretary must lay down his official pen. The construction given but makes the whole law alive by giving some sensible office to all its words."

Removals at will are not favored and unless such power is expressly granted, it is presumed that an officer may be removed only for cause. *Hallgren* v. *Campbell,* 82 Mich. 255 (9 L. R. A. 408, 21 Am. St. Rep. 557). However, it was said in *Trainor* v. *Board of Auditors of Wayne,* 89 Mich. 162 (15 L. R. A. 95):

"And, although it is the undoubted policy of our State, and best in accord with our system of government, that officers should hold for fixed terms, and not be subject to removal at the will or caprice of the appointing power, yet there is no constitutional objection to the conferring of such power of removal in offices not elective, and the legislature has undoubted authority to do so."

Even though the power to remove at will was not expressly granted by the statute construed in the latter case, this court nevertheless held that such

power existed in the removing body.   The question was clearly one of reasonable interpretation of the statutes involved and *Hallgren* v. *Campbell, supra,* was distinguished on that ground.   The court said:

"In *Hallgren* v. *Campbell,* the power to remove certain officers at the pleasure of the council was expressly given in the same section of the charter, that mentioned the street commissioner as an officer.   He was not included among those that might be so removed.   But this last case recognizes, as do others in this State, the authority of the legislature to authorize the removal of appointed officers."

Even though the statute in the instant case does not expressly provide that the probate register is removable at will, a consideration of the nature of his duties leads to the conclusion that such was intended by the legislature.

When the nature of an office requires close cooperation between the person holding it and the person in whom the removal power lies, efficient administration may demand that the former be removable at the will of the latter.   In *Townsend* v. *Kurtz, supra,* the court, in holding that an officer appointed for a specified period was removable at will, made the following statement which, although dictum, is peculiarly applicable to the instant case:

"The State reporter is appointed by the court of appeals, who 'shall hold his office for the term of four years unless sooner removed by said judges.' Although that question has never arisen, there would seem to be little doubt that this court could remove the reporter before the expiration of the four years without preferring charges.   The nature of his duties requires him to come in close and frequent contact with the members of the court and it is important for the proper discharge of his duties that he and the judges work harmoniously together."

Although the probate register has no judicial powers, he is the right hand of the probate judge in the performance of his administrative duties. The judge must rely heavily upon the register and even though the latter may otherwise be competent, if he cannot work in harmony with the judge, he should be removable at will. On account of this very close relationship, the statute provides both for appointment and removal by the probate judge and we are of the opinion that the latter power is at will. Since expedience demands that the judge have complete control over the register, the register must be removable at the pleasure of the judge. *Smith* v. *Bryan,* 100 Va. 199 (40 S. E. 652).

In 1932, the country was rapidly approaching the worst period of the depression of which we have frequently taken judicial notice. It was a time when funds for the maintenance of government were difficult to obtain. Tax delinquency was very great, and it was necessary to economize in every proper manner. The reduction of Mr. Drolshagen's salary from $9,000 to $7,600 apparently met with his approval, for there is no showing of any objection or unwillingness on his part to accept a reduction. This claim was not presented until after his death. It seems quite obvious that had any complaint been made during the lifetime of decedent, the judge of probate could have exercised his power of removal under the statute. As the probate judge had the power to remove decedent at will, the board of supervisors had the right to decrease his salary.

The judgment of the lower court should be reversed without a new trial, but without costs to either party, since a public question is involved.

WIEST, C. J., and BUSHNELL and CHANDLER, JJ., concurred with BUTZEL, J.