COUNTIES AND COUNTY OFFICIALS
The provisions of Article XXIII, Section 10 of the Oklahoma Constitution prohibit increases in the percentage of contributions into retirement funds, insurance premiums or social security payments on behalf of public officials as defined therein during the term of office of said public official, unless provided for by operation of law enacted prior to the election or appointment of said public official. The Attorney General is in receipt of your request for an opinion wherein you ask substantially the following question: In view of Article XXIII, Section10 of the Oklahoma Constitution, may an employer increase its contributions into retirement funds, insurance premiums or social security payments on behalf of a county officer during the term of office of such county officer? Article XXIII, Section 10 of the Oklahoma Constitution, provides as follows: "Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment; nor shall the term of any public official be extended beyond the period for which he was elected or appointed; Provided, that all officers within this State shall continue to perform the duties of their offices until their successor shall be duly qualified." The provisions of this constitutional enactment apply only to those public officials who are elected or appointed for a specific term of office. All other public officials or employees who are not subject to a fixed term and are employed at the pleasure of the appointing authority by private agreement or contract, are not subject to the provisions of the above constitutional enactment. See Board of County Commissioners of Muskogee County v. Hart,119 P. 132, Bennett v. State, 150 P. 198 (1915). Assuming that your question deals only with those public officials who fall within the parameters of Article XXIII, Section10 of the Oklahoma Constitution, it must be determined if an increase in contributions to retirement funds, insurance premiums or social security payments are synonymous with salary or emoluments. Though no Oklahoma cases deal specifically with this question, our Supreme Court has not restrictively interpreted the phrase "salary and emoluments". See, Spearman v. Williams, 415 P.2d 597
(1966). This attitude is consistent with that of other jurisdictions which have defined insurance premiums and social security payments as deferred payments of salaries. See Bridges v. City of Charlotte, 20 S.E.2d 825, 832 (N.C. 1942). These decisions are very persuasive and it is likely that our Supreme Court would reach the same result. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The provisions of Article XXIII, Section 10 of the Oklahoma Constitution prohibit increases in the percentage of contributions into retirement funds, insurance premiums or social security payments on behalf of public officials as defined therein during the term of office of said public official, unless provided for by operation of law enacted prior to the election or appointment of said public official. (JOHNNY J. AKINS) (ksg)