WELLS et al. v. BRUNER.     (No. 1985.)

(Court of Civil Appeals of Texas. Texarkana. June 6, 1918.)

MANDAMUS ⬤⟹101—RIGHT TO REMEDY—DISCRETIONARY ACTS OF OFFICERS.

Where defendants as school trustees contracted to pay plaintiff a salary for teaching school but refused to sign or approve his voucher for the last month, plaintiff could not have had mandamus to compel the signing of the voucher, since the approval thereof was discretionary with the trustees, although, had the claim been reduced to judgment, mandamus might have been awarded.

Appeal from District Court, Fannin County; R. T. Lipscomb, Judge.

Mandamus by J. P. Bruner against D. C. Wells and others, as trustees of the New

364

Hope School District. From an order overruling demurrer to the petition, defendants appeal. Reversed, and judgment entered dismissing the suit.

The appellants, the school trustees of the New Hope school district, contracted with the appellee to teach school in the district for six consecutive months of the school year of 1915–16 at a salary of $70 per school month. The appellee asked for a mandamus to have the trustees sign a warrant for $70 for the last or sixth month's teaching. The appellants demurred to the petition, and the court overruled the demurrer.

The petition alleged substantially that the trustees entered into a written contract, approved by the county superintendent, with the plaintiff to teach school in the district for a term of six months at a salary of $70 per month, and that in pursuance of the contract the plaintiff taught said school during the entire term of six months, and that his vouchers were duly signed by all of the trustees and approved and ordered paid by the county superintendent up to the last month of the school, which the trustees refused to sign and continue to refuse to do so without any ground or reason therefor; that there was at the time the contract was made, and at the time of the refusal of the trustees to sign the voucher, ample funds on hand apportioned to the district to pay the salary; that upon the refusal of the defendants to sign the voucher the plaintiff appealed to the county school superintendent, who ruled that the salary was due, and the defendants did not appeal from such decision. The prayer was for mandamus to compel the trustees to sign the voucher.

Rosser Thomas, of Bonham, for appellants. Cunningham & McMahon, of Bonham, for appellee.

LEVY, J. (after stating the facts as above). The petition seeks to compel the signing of a warrant for a school teacher's salary alleged to have been earned under a contract duly approved and authorized by law to be made, and the appellants urge that the demurrer should have been sustained to the petition for the reason that mandamus does not lie to control the discretion of the trustees in the allowance of the claim or the issuance of a warrant therefor in the premises. It is admitted by appellants that if the claim for salary had been reduced to a judgment, and so alleged, in a court of proper jurisdiction, then clearly the claim would be such a definitely ascertained demand as that the issuance of a warrant by the trustees for the same would be regarded as merely a ministerial act or duty and mandamus would issue to compel the performance of the legal and official duty. Harkness v. Hutcherson et al., 90 Tex. 383, 38 S. W. 1120. But, as insisted,

until the claim has been determined as required by law or by judgment of a court, there exists and is involved the exercise of judgment or discretion in the allowance at all of the claim on the part of the trustees, and consequently mandamus will not be awarded to compel the payment of the claim. It is believed that the contention should be sustained. 26 Cyc. 286; 18 R. C. L. § 38; Id. § 145; Arberry v. Beavers, 6 Tex. 457, 55 Am. Dec. 791; Jones v. Dodd, 192 S. W. 1134. The allegation that the trustees refused to sign the warrant and allow its payment is in effect a denial by them of the claim.

The writer, though, thinks the petition good as against a demurrer. A mandamus may issue to correct an abuse of discretion if the case is otherwise proper. McKillop v. Board of Supervisors, 116 Mich. 614; 74 N. W. 1050; Wood v. Strother, 76 Cal. 545, 18 Pac. 766, 9 Am. St. Rep. 249.

The judgment is reversed, and judgment is here entered dismissing the suit, with costs of the trial court and of this court taxed against appellee.