**CITY OF MART v. RICHARDS.    (No. 6401.)**

(Court of Civil Appeals of Texas. Austin. Oct. 19, 1921. Rehearing Denied Dec. 14, 1921.)

Municipal corporations ⬤185(5) — City may discharge at will constable employed under alleged contract for two years.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1074, relating to the authority of cities under commission form of government, to appoint police, such a city might at will discharge a constable employed under an alleged contract for two years.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by Pat Richards against the City of Mart. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

R. W. Cowan, of Mart, for appellant.

KEY, C. J. Appellee, Pat Richards, sued appellant, the city of Mart, for a balance alleged to be due him as compensation under a contract by which he was appointed city marshal, for a term of two years; and the trial court rendered judgment for him for the sum of $422.60, from which judgment the city of Mart has appealed.

The undisputed proof shows that, at the time of making the appointment or contract relied on by the plaintiff, and at the time of his dismissal and alleged breach of the contract, the city of Mart was under the commission form of government provided for by chapter 15, title 22, of Vernon's Sayles' Statutes, and, such being the case, it is contended by appellant, under proper assignments of error, that the board of commissioners, who was then the governing body of that municipality, had the power to discharge the plaintiff from the office of city marshal, and thereby terminate his right to compensation, other than for services already performed. We sustain that contention. Article 1074 of the statutes referred to, among other things, provides:

"Said 'board of commissioners' shall also have the authority to appoint a city attorney and such police force and such other officers as they may deem necessary, and to fix the salary or other compensation to be received by such clerk, and by such officers, and define their duties, and at any time abolish any office which it creates, and may discharge any officer, clerk or employé which it appoints."

When the city of Mart adopted the commission form of government, it thereby repealed the provision in its charter, or any other law providing for the election of the city marshal and fixing his term of office at two years; and, as no other provision was made in the act providing for and regulating the commission form of government as to the manner of selecting a city marshal, we hold that the provision quoted is the law applicable to this case, and clothed the board of commissioners of the city of Mart with full authority to discharge the plaintiff, and thereby terminate his right to claim compensation under the contract by which he claims that he was appointed, other than for services already rendered, and the proof shows that he had been fully paid for such services. This being the case, appellee was not entitled to recover anything, and therefore the judgment in his behalf is reversed, and judgment here rendered for appellant.

Reversed and rendered.

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes