**RATLIFF v. CITY OF WICHITA FALLS.**

**No. 4881.**

Court of Civil Appeals of Texas. Amarillo.
April 4, 1938.

Rehearing Denied May 2, 1938.

Ocie Speer, of Austin, for appellant.

T. A. Hicks and Thelbert Martin, both of Wichita Falls, for appellee.

FOLLEY, Justice.

This was a suit for mandamus filed by H. L. Ratliff, the appellant, against the city of Wichita Falls and its city manager and city clerk, appellees, to compel the city of Wichita Falls and said officials to approve an asserted claim of $884 as salary alleged to be due him as city recorder of Wichita Falls, and to compel the appellees to issue a voucher or warrant to appellant in such amount.

The appellant alleged that the city of Wichita Falls is what is known as a home rule city, and that it is operating under a special charter adopted by the people of the city on August 25, 1920, under the Home Rule Act of this state, Rev.St.1925, art. 1165 et seq. He further alleged that on April 8, 1935, he was duly appointed city recorder by the city council of Wichita Falls, which office he held until May 1, 1936, when he was removed from office by the appointing body; that his appointment was for two years; that the sum sued for represented the amount of salary due him for the unexpired portion of his term after his alleged unlawful ouster; and that the office to which he was appointed was created by virtue of the general laws of the state of Texas and by section 130 of the City Charter of Wichita Falls.

The trial court sustained the general demurrer of the appellees to appellant's petition. Upon the appellant's refusal to amend his petition, the court dismissed his suit, upon which action this appeal is predicated.

Section 130 of the charter of Wichita Falls provides, among other things, as follows: "A city recorder and a clerk of the corporation court shall be appointed by the Board of Aldermen to serve for a term of two years, and until their successors are appointed and have qualified, but subject to removal by the Board of Aldermen at any time."

Article 1175, R.C.S., under the home rule chapter for the government of cities adopting such self-government, among other things, provides:

"Cities adopting the charter or amendment hereunder shall have full power of local self-government, and among the other powers that may be exercised by any such city the following are hereby enumerated for greater certainty:

"1. The creation of a commission, aldermanic or other form of government; the creation of offices, the manner and mode of selecting officers and prescribing their qualifications, duties, compensation and tenure of office."

From an examination of section 130 of the city charter above, and from the language of the statute quoted, we think it is apparent that the governing board of the city of Wichita Falls had full authority to remove the appellant from such office, with or without cause, at any time such board desired. The board having such power, it is our opinion that the appellant failed to allege a cause of action and was not entitled to the relief sought. We think the court correctly sustained the demurrer. London v. City of Franklin et al., 118 Ky. 105, 80 S.W. 514; State ex rel. Matlack v. Oklahoma City, 38 Okl. 349, 134 P. 58; Jones et al. v. Harlan et al., Tex.Civ.App., 109 S.W.2d 251; Herring et al. v. Houston Nat. Exch. Bank, 113 Tex. 264, 253 S.W. 813; Denison v. Sheppard et al., 122 Tex. 445, 60 S.W.2d 1031; City of Mart v. Richards, Tex.Civ.App., 235 S.W. 352; San Felipe Independent School District v. Nelson, Tex.Civ.App., 74 S.W.2d 136; Wells et al. v. Bruner, Tex.Civ.App., 204 S.W. 363.

The judgment is affirmed.