Dear Honorable Morgan,
The Attorney General has received your request for an official opinion asking, in effect:
 Is the city clerk or city treasurer of a Council-Manager form of city government operating under the provisions of 11 O.S. 10-101 et seq. (1981), as amended, a "public official" subject to the constitutional prohibition against changing the salary or emolument of a public official after his appointment?
The constitutional prohibition to which your question refers is Article XXIII, Section 10, which provides in pertinent part:
 "Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment[.]"
It is important to note at the outset that the form of city government under which a particular city officer is employed, and the specific position of a city official within that specific type of city government, are critical variables in answering your question. Cities operating under the Council-Manager form of city government as described in your question are governed by the provisions of 11 O.S. 10-101 et seq. (1981), as amended.
As to the specific city officers referenced in your question, 11 O.S.10-117 (1984) provides that the city clerk of a Council Manager form of city government is to be appointed by the city manager "for an indefinite term;" likewise, at 11 O.S. 10-118 (1984), it is provided that the city treasurer of such a city government is to be appointed by the council "for an indefinite term."
The Oklahoma Supreme Court has on numerous occasions construed the provisions of Article XXIII, Section 10, as they apply to city officers whose appointments are for an indefinite period of time. In the early case of State ex rel. Matlock v. Oklahoma City, 134 P. 58, 59 (Okla. 1913), the Court, in construing that Constitutional provision, stated:
 "Assuming that . . . plaintiff under his appointment, was a `public official,' within the contemplation of that section, his contention that he had a `term of office' cannot be sustained. This for the reason that the word `term' when used in this connection refers to a fixed and definite time and does not apply to an appointive official held at the pleasure of the appointing power. [Citations omitted]." (Emphasis added).
See also, State v. Carter, 39 P.2d 134, 137 (Okla. 1934); Bennettv. State, 150 P. 198 (Okla. 1915).
It is, therefore, the official opinion of the Attorney General that thecity clerk and the city treasurer of a Council-Manager form of citygovernment, who are appointed for indefinite terms under the provisionsof 11 O.S. 10-117 and 11 O.S. 10-118 (1984), are not subject to theprohibition against changing the salary or emoluments of a public officialafter his appointment, as found in Article XXIII, Section 10 of theOklahoma Constitution.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
SUSAN BRIMER AGOSTA, ASSISTANT ATTORNEY GENERAL