Dear Representative McCarter:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 An elected town treasurer is paid a salary as treasurer of the town and is also paid a separate salary as treasurer of the town public utility authority. The trust indenture for the utility authority provides that the town treasurer shall act as the treasurer for the utility authority. May the trustees of the utility authority reduce the salary of the utility treasurer after his or her election as town treasurer without violating Okla. Const. art. XXIII, § 10, which prohibits a change in salary during the term following the officer's election?
The Oklahoma Constitution prohibits a change in the salary of a public official under the following circumstances:
 Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment[.]
Okla. Const. art. XXIII, § 10.
This section of the Constitution applies to public officials who "hold office for a fixed and definite term." State ex rel. Telle v. Carter, 39 P.2d 134, 137
(Okla. 1934). The word "term," as used in Article XXIII, Section 10, "refers to a fixed and definite time and does not apply to an appointive office held at the pleasure of the appointing power." State ex rel. Matlackv. Oklahoma City, 134 P. 58, 59 (Okla. 1913). The elements of a "public office" are as follows: "(a) The specific position must be created or authorized by law; (b) there must be certain definite duties imposed by law on the incumbent; and (c) they must involve the exercise of some portion of the sovereign power." Oklahoma Cityv. Century Indem. Co., 62 P.2d 94, 97 (Okla. 1936).
To determine whether Oklahoma Constitution Article XXIII, Section 10 prohibits a change in salary of the treasurer of the town utility authority under circumstances where the trust indenture mandates that the town treasurer will serve as the utility's treasurer, it is first necessary to ascertain whether a town treasurer is a "public official" subject to Article XXIII, Section 10. If the answer to that question is yes, then it is necessary to determine if the salary the town treasurer receives as utility treasurer is part of the "salary and emoluments" of the town treasurer and, if not, whether the utility treasurer is a public official subject to the provisions of Article XXIII, Section 10.
 I. A Town Treasurer is a "Public Official" Subject toOkla. Const. art. XXIII, § 10.
Pursuant to the Constitution, "the Legislature, by general laws shall provide for the incorporation and organization of cities and towns." Okla. Const. art. XVIII, § 1. The Oklahoma Municipal Code defines "town" as a "municipality which has incorporated as a town in accordance with the laws of Oklahoma." 11 O.S. 2001, § 1-102[11-1-102](13). The officers to be elected for incorporated towns are "those provided by law applicable to the town board of trustees form of government." Id.
§ 3-107. The officers of the town board of trustees form of government include a treasurer. Id. §§ 16-206; 12-110. After the first general municipal election, the officers are elected for four-year terms. Id. § 16-206(1). The duties of the town treasurer are set by statute and include maintaining accounts and books, depositing funds, and "such other powers, duties, and functions related to his statutory duties as may be prescribed by law or by ordinance." Id. § 12-110(3).
The position of treasurer is created by statute; the treasurer has duties imposed by law; and the duties involve the exercise of some portion of the sovereign power. Id. § 12-110. Therefore, the town treasurer is a public officer. See Century Indem. Co., 62 P.2d at 97. In addition, the treasurer serves for a fixed term as required by Article XXIII, Section 10. See 11 O.S. 2001, § 16-206[11-16-206]. Therefore, the salary of the town treasurer is subject to the prohibition on changes in salary during a term of office as provided in Okla. Const. art. XXIII, Section 10.
 II. The Salary Received by the Town Treasurer forPerforming the Duties of Treasurer of the Public UtilityAuthority is not Part of the "Salary and Emoluments" ofthe Office of Town Treasurer.
Your question indicates that the town has a public utility authority and that the trust indenture[1]
setting up the authority requires the town treasurer to be treasurer of the authority.[2] You also state that the town treasurer is paid a salary as town treasurer and a separate salary as utility treasurer. If the utility treasurer's salary is part of the "salary and emoluments" of the town treasurer, Article XXIII, Section 10 would prohibit a change in the utility treasurer's salary during the town treasurer's term of office. To address this question, it is first necessary to review the laws pertaining to public utility trusts.
Municipal utility authorities are created pursuant to laws governing trusts for the benefit of a state, a county or a municipality. The Oklahoma Constitution provides that municipal corporations "have the right to engage in any business or enterprise which may be engaged in by a person, firm, or corporation by virtue of a franchise from said corporation." Okla. Const. art. XVIII, § 6. "A valid trust in property, with a governmental entity as beneficiary, may be created for the furtherance, or the providing of funds for the furtherance, of any public function which the governmental entity might be authorized by law to perform[.]" Bd. of County Comm'rs v. Warram, 285 P.2d 1034,1035 (syllabus ¶ 1) (Okla. 1955). The Oklahoma Municipal Utility Revenue Bond Act, 11 O.S. 2001, §§ 22-150[11-22-150] — 22-159, requires that the improvements financed by the bonds "are with respect to a public utility or utilities owned by the municipality or by a public trust having the municipality as its beneficiary at the time of the election[.]" Id. § 22-156(1). A "public trust" is defined as an "Oklahoma public trust created pursuant to and existing in accordance with Sections 176 through 180.4 of Title 60" and "which has the municipality as a beneficiary[.]"Id. § 22-152(8).
A public trust "shall be presumed for all purposes of Oklahoma law to: . . . [e]xist as a legal entity separate and distinct from the settlor and from the governmental entity that is its beneficiary[.]" 60 O.S. Supp.2006, § 176.1(A), (A)(2). Except where the provision of the trust indenture or any statute governing the affairs of public trusts expressly provides otherwise, Section 176.1(D) in pertinent part requires:
 [T]he affairs of the public trust shall be separate and independent from the affairs of the beneficiary in all matters or activities authorized by the written instrument creating such public trust including, but not limited to, the public trust's budget, expenditures, revenues and general operation and management of its facilities or functions[.]
Id.
Section 12-110(3) of Title 11, which sets forth the treasurer's statutory duties, provides that additional duties may be imposed on the town treasurer as follows:
 The person who serves as town treasurer may be employed by the town to perform duties not related to his position as town treasurer. The salary, if any, for said duties shall be provided for separately by ordinance.
Id.
"The compensation of all elective town officers shall be fixed by ordinance." Id. § 12-113. The Constitution prohibits a change in the "salary or emoluments" of any public official "during his [or her] term of office, unless by operation of law enacted prior to such election or appointment[.]" Okla. Const. art. XXIII, § 10. "Salary" is defined as "fixed compensation paid regularly . . . for services . . . such compensation paid to holders of official, executive, or clerical positions." Webster's Third New International Dictionary 2003 (3d ed. 1993). "Emolument" has been defined as "[p]rofit from office, employment, or labor; compensation; fees or salary." Spearman v.Williams, 415 P.2d 597, 600 (Okla. 1966) (quoting Webster's New International Dictionary 838 (2d ed. 1949)). In Edwards v. Carter,29 P.2d 610, 612 (Okla. 1934), the court observed that the "payment of the salary of public officers at the time provided by law is one of the emoluments of office." Id.
Finally, "[i]n arriving at the true meaning of Section 10, Article 23, we must look to and consider its purpose, reason and object. . . . It is the performance of the official duties of the office that these provisions seek to protect." Phelps v. Childers, 89 P.2d 782, 785 (Okla. 1939). "[A] public officer is bound to perform the duties of his office for the compensation fixed by law." Id. at 786 (quoting Bd. of CountyComm'rs v. Bruce, 152 P. 125, 126 (Okla. 1915)).
As previously noted, the duties of the town treasurer are set by statute and include "such other powers, duties, and functions related to his statutory duties as may be prescribed by law or by ordinance." 11 O.S. 2001, § 12-110[11-12-110](3). In this case, the town treasurer is not employed by the town to perform duties as utility treasurer that are prescribed by law or ordinance; rather, the town treasurer is employed by the trustees of the authority pursuant to the terms of the trust indenture to perform duties as the utility treasurer. A public trust is "a legal entity separate and distinct from the settlor and from the governmental entity that is its beneficiary[.]" 60 O.S. Supp.2006, § 176.1(A)(2). Likewise, the affairs of the public trust are "separate and independent from the affairs of the beneficiary in all matters or activities authorized by the written instrument creating such public trust including, but not limited to, the public trust's budget, expenditures, revenues and general operation and management of its facilities or functions[.]" Id. § 176.1(D).
Your question indicates that the salary of the utility treasurer is set by the trustees of the utility. This salary cannot be considered part of the "salary or emoluments" of the town treasurer, which by law must be set by ordinance. 11 O.S. 2001, § 12-113[11-12-113].
 III. A Treasurer of a Municipal Utility Authority is Not a "Public Officer"Subject to Okla. Const. art. XXIII, § 10.
The final issue to be addressed is whether the office of treasurer of a public utility authority is subject to Okla. Const. art. XXIII, § 10, independently from the office of town treasurer. "The instrument . . . creating [the] trust may provide for the appointment, succession, powers, duties, term, manner of removal and compensation of the trustee or trustees." 60 O.S. 2001, § 178[60-178](A). "Trustees, who are public officers, shall serve without compensation, but may be reimbursed for actual expenses incurred in the performance of their duties as trustees."Id. The trustees "shall be an agency of the state and the regularly constituted authority of the beneficiary for the performance of the functions for which the trust shall have been created." Id. § 179.
Trustees of a public trust authority are "public officers." Id. § 178(A). However, a treasurer of a public trust is not a "public officer," because the position of treasurer of a public trust is not created or authorized by law as required for a "public office." See Oklahoma Cityv. Century Indem. Co., 62 P.2d 94, 97 (Okla. 1936). Therefore, a treasurer of a trust authority is not a public officer subject to the constitutional prohibition against a change in salary, and the trustees of the authority would not be prohibited from changing the salary of the authority's treasurer during the term of office of the town treasurer.
It is, therefore, the official Opinion of the Attorney General that:
 1. If a town treasurer also serves as treasurer of the town public utility authority pursuant to the trust indenture of the authority and receives separate salaries from the town and from the utility authority, the trustees of a town utility authority may reduce the salary of the utility treasurer after his or her election as town treasurer without violating Okla. Const. art. XXIII, § 10.
 2. The constitutional prohibition against a change in salary during the term of office of a public official only applies to the salary received by the office holder as town treasurer. The salary received by the town treasurer for performing the duties of treasurer for the public utility authority is not part of the "salary or emoluments" of the town treasurer that must be set by ordinance. 11 O.S. 2001, § 12-113[11-12-113]. 
 3. The constitutional prohibition does not apply to the salary of a treasurer of a public utility authority because the treasurer of such an authority is not a "public official." Okla. Const. art. XXIII, § 10.
W.A. DREW EDMONDSON Attorney General of Oklahoma
KATHRYN BASS Assistant Attorney General
[1] "The trust indenture is a contract between the settlor of the trust and the municipality, and . . . controls the powers and duties of the trust." A.G. Opin. 04-15, at 86.
[2] The Trust Indenture provides: "The person who shall be the Town Treasurer of the Beneficiary, shall act as Treasurer of the Trustees." Tr. Indenture, art. VI, ¶ 4, at 4 (Sep. 23, 1968) (on file with the Oklahoma Attorney General's Office).